UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:

JAMES LEROY MILLIKEN,

Debtor.

CHAPTER 7

NO. 304-05872

JUDGE MARIAN F. HARRISON

CONTESTED MATTER

## MEMORANDUM OPINION

This matter is before the Court upon the Chapter 7 Trustee's motion for order approving the sale of property located at 3629 Donna Kay Drive, Nashville, Tennessee. Mortgage Electronic Registration Systems, Inc. (hereinafter "MERS") objected to the motion, asserting that the Chapter 7 Trustee could not avoid its lien on the property. Because the underlying issue is MERS' interest in the property, the Court announced at the initial hearing that it would treat the matter as an adversary.

The parties have now filed stipulations of fact and have requested that the Court rule based on the record as a whole. Having reviewed the record, the Court finds that the Chapter 7 Trustee's motion for order approving the sale of property should be granted and that MERS' lien should be avoided. The following represents the Court's findings of fact and conclusions of law as required by Fed. R. Bank. P. 7052.

## I. BACKGROUND

The facts are stipulated by the parties. The debtor executed a deed of trust in favor of Household Financial Center, Inc. (hereinafter "Household"), on July 26, 1999, securing an indebtedness in the amount of $118,579.85. Prior to April 14, 2004, the debtor applied for a loan with Aegis Lending Corporation for the purpose of refinancing his mortgage with Household. On April 14, 2004, the debtor executed a note in favor of Aegis Lending Corporation in the amount of $123,500, along with a deed of trust in the same amount in favor of Frontier Title & Escrow, Inc., as Trustee for Aegis Lending Corporation and its nominee, MERS.

Pursuant to 15 U.S.C. § 1635, the debtor had a three-day right of rescission period that began on April 15, 2004, and expired at midnight on April 18, 2004. On April 19, 2004, the proceeds from the refinancing loan of MERS were remitted to Household in the amount of $114,279. On April 28, 2004, which was 14 days after the execution of the note and deed of trust, MERS recorded the deed of trust in the office of Register of Deeds for Davidson County, Tennessee. On April 29, 2004, Household executed a release deed to satisfy its lien and released its interest in the property. The release deed was recorded on May 11, 2004.

The debtor filed his Chapter 7 bankruptcy petition on May 12, 2004, and on September 28, 2004, the Trustee filed his motion for order approving the sale of the property free and clear of MERS lien.

## II. DISCUSSION

MERS raises two issues, both of which are legal issues regarding whether its lien can be avoided: (1) whether the "earmarking doctrine" applies, insulating MERS from a preference avoidance, and (2) whether the transaction did not become effective until after the three-day rescission period, so that its deed should be considered recorded within the 10-day period required under 11 U.S.C. § 547(e)(2).

### A. Right of Rescission

The Court first considers MERS' argument that because the debtor had three days to rescind the refinancing, those three days should not be counted in the 10-day period.

11 U.S.C. § 547(e)(2) provides:

For the purposes of this section, except as provided in paragraph (3) of this subsection, a transfer is made --

> (A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 10 days after, such time, except as provided in subsection (c)(3)(B);

3-U.S. Bankruptcy Court, M.D. Tenn.

(B) at the time such transfer is perfected, if such transfer is perfected after such 10 days; or

(C) immediately before the date of the filing of the petition, if such transfer is not perfected at the later of –

(i) the commencement of the case; or

(ii) 10 days after such transfer takes effect between the transferor and the transferee.

Thus, 11 U.S.C. § 547(e)(2) defines when a transfer is made and whether the transfer is a contemporaneous exchange for purposes of this federal act. ***See Hildebrand v. Res. Bancshares Mortgage Group (In re Cohee)***, 178 B.R. 154, 157 (Bankr. M.D. Tenn. 1995).

The language of 11 U.S.C. § 547(e)(2) is clear as to what was required of MERS regarding perfection of its security interest. The Bankruptcy Code grants a trustee the right to avoid transfers within the preference period, and the perfection of a lien within the preference period is a transfer that a trustee can avoid. To read into the statute a three day delay based on the right to rescind the refinancing agreement would directly circumvent the language of the Code, which specifically allows ten days to perfect. This argument is in essence the same as the "equitable subrogation" argument which this Court has already rejected. ***See Hildebrand v. First Indiana Bank, N.A. (In re Baptista)***, Adv. No. 104-0287A (Bankr. M.D. Tenn. Mar. 31, 2005) (equitable subrogation not a defense to Trustee's preference action where creditor did not record lien within 10-day lookback period),

4-U.S. Bankruptcy Court, M.D. Tenn.

*Hildebrand v. Household Mortgage Serv., Inc. (In re Baptista)*, Adv. No. 104-0288A (Bankr. M.D. Tenn. Mar. 31, 2005) (same); *Edmondson v. Chase Manhattan Mortgage Corp. (In re Norden)*, Adv. No. 304-0383A (Bankr. M.D. Tenn. Mar. 31, 2005) (same); *Limor v. Countrywide Home Loans (In re Mosley)*, Adv. No. 303-0485A (Bankr. M.D. Tenn. Feb. 20, 2004) (same). This argument is without merit.

### B. Earmarking Doctrine

MERS also asserts that the "earmarking doctrine" applies because its funds were used to pay off the existing Household mortgage, that the debtor never had control over the funds, and that the debtor's bankruptcy estate was not diminished.

The Sixth Circuit has recognized the earmarking doctrine and has explained its place in the bankruptcy context as follows:

> If all that occurs in a 'transfer' is the substitution of one creditor for another, no preference is created because the debtor has not transferred property of his estate; he still owes the same sum to a creditor, only the identity of the creditor has changed.

*McLemore v. Third Nat'l Bank in Nashville (In re Montgomery)*, 983 F.2d 1389, 1395 (6th Cir. 1993) (citation omitted). The Sixth Circuit noted that a debtor's control over borrowed funds bears on whether the funds can be considered property of the estate and on finding that the debtor's estate had been depleted when the debtor transferred funds to a third party. *Id.* at 1396.

While the earmarking doctrine is valid, it does not apply in this case. Earmarking applies to the repayment of the existing creditor, not the transfer that occurs when the new creditor perfects its lien. As explained in *Vieira v. Anna Nat'l Bank (In re Messamore)*, 250 B.R. 913, 917 (Bankr. S.D. Ill. 2000):

> Although the debtors' transfer to [the new creditor] arose in the context of a refinancing arrangement, it did not involve the payment of funds by a third party or, indeed, the payment of borrowed funds at all. For this reason, the earmarking doctrine has no logical relevance to such transfer. The transfer to [the new creditor] that occurred upon perfection of its lien was separate and distinct from the transfer that occurred when [the original creditor] was paid with borrowed funds, and this transfer was clearly a transfer of the debtors' interest in property, as it depended on the debtors' grant of a security interest to [the new creditor]. The earmarking doctrine, therefore, is inapplicable in the present case to shield the debtors' transfer to [the new creditor] from avoidance as a preference.

In other words, in the context of refinancing, actually two transfers occur. In this case, the first transfer was of the borrowed funds to Household, and the subsequent transfer occurred when MERS belatedly perfected its security interest in the debtor's property. *Gold v. Interstate Fin. Corp. (In re Schmiel)*, 319 B.R. 520, 528 (Bankr. E.D. Mich. 2005); *Shapiro v. Homecomings Fin. Network, Inc. (In re Davis)*, 319 B.R. 532, 534 (Bankr. E.D. Mich. 2005). The beneficiary of earmarking is the old creditor, for whom the funds were earmarked rather than the new creditor who loaned new funds and was granted a new security interest. *Id.* As recognized by the Michigan bankruptcy court, applying the earmarking doctrine to the new creditor:

6-U.S. Bankruptcy Court, M.D. Tenn.

would undermine the requirement to timely perfect its mortgage and would improperly expand the ten day safe harbor that § 547(e)(2)(A) provides to those secured creditors who perfect within ten days after the time that the transfer takes effect between the transferor and the transferee. The ten day safe harbor provision simply would have no meaning if a secured creditor could perfect its interest at any time after the ten days and then depend upon the earmarking doctrine to somehow avoid the operation of the statute when its mortgage was later perfected.

*Gold v. Interstate Fin. Corp.*, 319 B.R. at 529.

Accordingly, the Court finds that MERS is not entitled to protection under the earmarking doctrine.

### III. CONCLUSION

For the reasons stated above, the Court finds that the Trustee is entitled to sell the property in question pursuant to 11 U.S.C. § 363(f)(4) and that MERS' lien should be avoided.

An appropriate order will enter.

MARIAN F. HARRISON
UNITED STATES BANKRUPTCY JUDGE